## DUFFIN *v.* STATE

[No. 6, September Term, 1962.]

*Decided October 9, 1962.*

The cause was argued before the full Court.

*John F. McAuliffe* for the appellant.

*Joseph S. Kaufman, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy, State's Attorney for Montgomery County,* on the brief, for the appellee.

PER CURIAM.

The appellant, convicted by a jury in the Circuit Court for Montgomery County of assault with intent to rape, and sentenced to 20 years confinement, urges here that the evidence was insufficient to support his conviction on the charge, and that the trial judge erred in failing to grant a requested instruction on the defense of voluntary abandonment of purpose.

The appellant maintains that while the jury could properly have found him guilty of common assault, the evidence was insufficient to establish the specific intent to rape. The jury had before it the following testimony of the prosecutrix, a 49 year old school teacher. After she had returned home from school and was changing her clothes upstairs she heard a noise and found the appellant ascending the stairway. She ordered him out and screamed, but the appellant grappled with her and they fell down the stairs. When she attempted to escape by the front door he threw her to the floor and choked her into unconsciousness. When she regained consciousness the appellant was "sort of weaving" on top of her fully clothed. She got up and attempted to persuade the appellant to leave, but he said: "I am going to have to rape you; and then I am going to kill you." He forced her to disrobe, he assisting, and then felt her body and asked her to kiss him. The prosecutrix resisted, was again choked and thrown to the floor and lost consciousness. When she regained her senses the appellant, fully clothed, was on top of her in a straddling position "sort of weaving back and forth". She struck the appellant and regained her feet. He then demanded that she write a note "giving [him] permission to rape [her]." In an attempt to "stave this off" until her husband came home, the prosecutrix sent the appellant on various trips to the kitchen for cups, beverages, paper towels and cigarettes. However, the appellant insisted that the note be written, whereupon she wrote the following: "To Whom It May Concern: This is to say that I give full permission to Joseph to take me", to which she signed her name. He had told her that his name was Joseph.

The prosecutrix stated that as the parties drank their beverages the appellant told her "we will drink this last drink to-

gether" and that after she told him it would be better if he left and not have his son know him as a murderer, he said, "No, I have gone too far now; it's got to be this." The prosecutrix said she kept the conversation going until they heard the door open. She called out her husband's name and when her teen-age son answered she told him there was an intruder in the house and asked him to get help. As he was leaving, the appellant ran out the door, caught the boy, and both fell down the front steps, whereupon the appellant began to choke the boy. Somehow the latter freed himself and he and his mother, unclothed, ran to the home of a neighbor, from which the police were called.

An officer who arrived on the scene within a few minutes testified that he saw red marks on each side of the prosecutrix's throat and scratch marks down her front. The appellant, who had fled into nearby woods, was apprehended on the same day and at first denied that he had been in the prosecutrix's home. He later told police, and testified at the trial, that he had been invited in by the prosecutrix, and that she disrobed voluntarily. He denied threatening or touching her.

Despite the fact that the appellant denies that he had any intention to have relations with the prosecutrix against her will, we feel that the State's evidence above outlined, if believed by the jury (as it obviously was), was legally sufficient to support its finding that the appellant was guilty beyond a reasonable doubt of assault with intent to rape. See *Wright v. State,* 222 Md. 242. The weight of the evidence and the credibility of witnesses are always matters for the jury to determine when it is the trier of facts. *Reynolds v. State,* 219 Md. 319.

As to alleged error in the denial of an instruction on the defense of voluntary abandonment of purpose, we find that the instructions given to the jury under the facts in the case were adequate. The acts of violence to the person of the prosecutrix, and the threats repeated up to the time of the arrival of her son, negate any abandonment of purpose by the accused. A request for an instruction is properly refused where there is no evidence to support it. *Bruce v. State,* 218 Md. 87.

*Judgment affirmed.*