# LITTLE STORE, INC. v. STATE OF MARYLAND

[No. 999, September Term, 1981.]

*Decided May 5, 1982.*

The cause was argued before MOYLAN, LISS and WEANT, JJ.

*William E. Seekford* for appellant.

*Jane E. Pilliod, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *John N. Prevas, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Moylan, J., delivered the opinion of the Court.

The appellant, Little Store, Inc., a corporation, was found guilty by a Baltimore City jury, presided over by Judge Alan M. Resnick, of distributing an obscene publication. It was sentenced to pay a fine of $1,000. Upon this appeal, the appellant raises two contentions:

1. That Judge Resnick erroneously instructed and failed to instruct the jury in that:

    (a) He refused to give certain instructions requested by the appellant;

    (b) He erroneously provided two alternative definitions of the phrase "prurient interest";

    (c) He erroneously defined the word "obscene"; and

2. That he erroneously failed to declare a mistrial following certain allegedly inflammatory and prejudicial statements made by the prosecutor in the course of closing argument.

The facts of the case are actually immaterial to any issue raised on this appeal and it is, therefore, needless to recite them.

At the close of the case, the appellant submitted twenty-six requested jury instructions to the court. He now complains that Judge Resnick either failed to give or incorrectly gave his instructions Nos. 2, 9, 11 and 14. Instructions 2, 9 and 11 go to the constitutional definition of obscenity. We hold that Judge Resnick correctly defined obscenity for the jury and the fact that he did so in his own words rather than in the words proposed by the appellant is of no moment. Instruction No. 11 read:

> "The Court instructs the jury that a film is not obscene merely because it depicts a relationship which is contrary to the religious precepts of the community."

Judge Resnick did not give this instruction and we conclude that he was perfectly correct in not giving it. There was no genuine issue in this case dealing with "the religious precepts of the community" and the instruction would have served to inject a totally foreign issue into the proceedings.

In two respects, the appellant objects to the definition of obscenity that was given. The test that has constitutionally developed breaks down essentially into three parts, stemming respectively from *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *Jacobellis v. Ohio,* 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) and *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), as modified in several regards by *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). That three-part test, as it now stands post-*Miller,* was stated in *Miller,* at 413 U.S. 24:

> "The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying, contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, . . . (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." (Citation omitted).

One of the appellant's contentions concerns the third component of obscenity — that it lack the redeeming value that would exempt it from the law's proscription even if it were both prurient and patently offensive. When that third component entered the obscenity law in 1966 through *Memoirs v. Massachusetts, supra,* it was phrased in terms of the obscene work being "*utterly* devoid of any redeeming social value." (Emphasis supplied). By 1973, the Supreme Court had concluded that this was too great an obstacle for the State to have to overcome. It lowered the showing that had to be made by the State to one simply of establishing that the work in question was without "*serious* literary,

artistic, political, or scientific value." (Emphasis supplied). 413 U.S. at 24. Judge Resnick in the present case gave that third component precisely in the terms of *Miller v. California.* He pointed out that to be obscene the work in question must "lack serious literary, artistic, scientific or political value." The appellant now urges that this definition is incorrect in that it uses the disjunctive "or" instead of the conjunctive "and." He seems to argue that a hypertechnical jury bent on censorship might find obscene a work such as "Hamlet," of profound literary value, because it is devoid of scientific value; a work such as *Das Kapital,* of profound political value, because it is devoid of artistic value; a work such as *The Origin of the Species,* of profound scientific value, because it is devoid of political value. The appellant strains at gnats. He is perhaps hypertechnically correct that when elements are set out in a statute or interpreted in the Constitution in the disjunctive, they should be translated into the conjunctive in an indictment or a jury instruction. Although philosophers might wrangle interminably over the subtle difference between an "and" and an "or," we cannot conceive of the jury in this case undertaking so meticulous an exegesis of the judge's every syllable. This is fastidious parsing by way of afterthought and did not, we are mathematically certain, enter into the jury's thought process in the slightest way.

The next contention deals with the definition of the word "prurient." There is an aura of unreality about this argument. While lawyers, after the fact at least, anguish endlessly over every subtle semantic nuance in a lengthy, convoluted and essentially unintelligible definition, lay jurors exercising their common sense are almost certainly reacting in the manner of Justice Stewart in *Jacobellis v. Ohio, supra,* when he remarked that "perhaps I could never succeed in intelligibly" defining obscenity "but I know it when I see it." The futility of the exercise becomes more apparent when it is realized that what is really being defined is the word "obscene." "Prurient" is just one of the many terms used to define obscenity, but it, in turn, requires its own definition. There is no consensus as to what it means.

As Justice Stewart pointed out in his concurring opinion in *Jacobellis v. Ohio,* at 378 U.S. 197:

> "It is possible to read the Court's opinion in *Roth* . . . in a variety of ways. In saying this, I imply no criticism of the Court, which in those cases was faced with the task of trying to define what may be indefinable."

When *Roth v. United States, supra,* first used the term "prurient" in its definition of obscenity, it added an explanatory footnote, at 354 U.S. 487, n. 20, to define "prurient":

> "I. e., material having a tendency to excite lustful thoughts. *Webster's New International Dictionary* (Unabridged, 2d ed., 1949) defines *prurient,* in pertinent part, as follows:
>
> '* * * Itching; longing, uneasy with desire or longing; of persons, having itching, morbid, or lascivious longings; of desire, curiosity, or propensity, lewd * * *.'
>
> *Pruriency* is defined, in pertinent part, as follows:
>
> '* * * Quality of being prurient; lascivious desire or thought. * * *'
>
> See also *Mutual Film Corp. v. Industrial Com.,* 236 U.S. 230, 242, 35 S.Ct. 387, 390, 59 L.Ed. 552, where this Court said as to motion pictures:
>
> '* * * They take their attraction from the general interest, eager and wholesome it may be, in their subjects, but a *prurient interest may be excited and appealed to* * * *.' (Emphasis added.)
>
> We perceive no significant difference between the meaning of obscenity developed in the case law and the definition of the A.L.I., Model Penal Code, §207.10(2) (Tent. Draft No. 6, 1957), viz:
>
> '* * * A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or

excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters. * * *' See comment, id., at 10, and the discussion at page 29 et seq."

This is the last word from the Supreme Court on the word "prurient" and its meaning is far from clear.[1]

The State wanted to communicate to the jury the notion that "prurient" meant having a "tendency to excite a normal lustful interest in sex," whereas the defense wanted to communicate the notion that "prurient" connoted a "morbid or abnormal interest in sex." The trial judge took *Stevenson v. State,* 289 Md. 167, very much to heart and deemed this to be one of those rare occasions when a jury is legitimately the judge of the law. The judge noted that there were conflicting definitions of the law of the crime and he submitted the problem to the jury for its resolution:

"You are the judges of both the laws and the facts ... I am saying that to you and now I am going to give you two definitions of the word prurient and you are to decide which of the definitions to accept. You can't accept both, it must be one or the other. (1) A tendency to excite normal lustful interest in sex, and (2) an itching, longing, uneasy with desire or longing or morbid or abnormal interest in sex. These are the two definitions for prurient interest, and you are to accept one. After you accept one, that is the element number one which must be proven beyond a reasonable doubt."

Since neither definition would in our judgment offend the Constitution, we see no error.

The appellant's second contention is that Judge Resnick twice erroneously failed to declare a mistrial following allegedly inflammatory and prejudicial remarks made by the prosecutor in his closing argument to the jury. On both

---

1. For a thorough and a scholarly analysis of the evolving concept and definition of obscenity at both the state and national level, see Judge Wilner's discussion for this Court in *400 East Baltimore Street v. State,* 49 Md. App. 147, 156-157 (1981).

occasions, the judge advised the jury to disregard the remarks of the prosecutor but felt that a mistrial was hardly called for. Every error does not call for so drastic a sanction and our system vests in the trial judge a wide discretion in determining the necessity for a mistrial. We see no abuse of that discretion here.

*Judgment affirmed; costs to be paid*
*by appellant.*