# LITTLE STORE, INC. *v.* STATE OF MARYLAND

[No. 49, September Term, 1982.]

*Decided January 6, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*William E. Seekford* for appellant.

*Jane E. Pilliod, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

Article 27, section 418, Maryland Code (1957, 1982 Repl. Vol.), proscribes, *inter alia,* the distribution of any obscene matter in this state.[1] The appellant, Little Store, Inc.,[2] was convicted in a jury trial in the Criminal Court of Baltimore of violating section 418, and appealed said conviction to the Court of Special Appeals; that Court affirmed. *Little Store, Inc. v. State,* 51 Md. App. 501 (1982). We granted certiorari in order to determine a question of public interest and, as explicated below, will reverse.

Because of the nature of the questions raised for our review, the facts underlying the charge against the appellant need not be recited. Suffice it to say that, at the trial, the appellant had submitted to the trial judge written requests for instructions to the jury, in the main concerning the definition of obscenity and including a definition of "prurient interest." The trial judge chose to instruct the jury without using certain of the appellant's requested instructions. With respect to "prurient interest," he gave the jury two definitions, instructing them that they were to determine which one was the proper definition as they were the

---

1. "Any person who knowingly sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor. (1967, ch. 394, § 1; 1978, ch. 21.)" Md. Code (1957, 1982 Repl. Vol.), Art. 27, § 418.

2. A store clerk was also charged, but was found not guilty by the jury and thus is not a party to this appeal.

judges of the law. Apparently the trial judge concluded this was one of the rare occasions, discussed in *Stevenson v. State,* 289 Md. 167, 423 A.2d 558 (1980), and *Montgomery v. State,* 292 Md. 84, 437 A.2d 654 (1981), where there was a dispute as to the law of the crime and thus the jury became the judge of the law. In this regard the trial judge instructed the jury:

> "You are the judges of both the laws and the facts. . . . I am saying that to you and now I am going to give you two definitions of the word prurient and you are to decide which of the definitions to accept. You can't accept both, it must be one or the other. (1) A tendency to excite normal lustful interest in sex, and (2) an itching, longing, uneasy with desire or longing or morbid or abnormal interest in sex. These are the two definitions for prurient interest, and you are to accept one. After you accept one, that is the element number one which must be proven beyond a reasonable doubt."

The Court of Special Appeals apparently agreed with the trial judge that there were conflicting definitions of the law of the crime, and thus the matter was properly submissible to the jury for its resolution. That Court also concluded that neither definition given by the trial judge offended the Constitution and, therefore, found no error. Relying on the concurring opinion of Justice Stewart in *Jacobellis v. Ohio,* 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964), the intermediate appellate court concluded " 'Prurient' is just one of the many terms used to define obscenity, but it, in turn, requires its own definition. There is no consensus as to what it means."

We disagree for we believe the definition of "prurient," as used in the context of determining obscenity, was settled by the Supreme Court in *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), where, by an explanatory footnote, n.20 (354 U.S. at 487, 77 S.Ct. at 1310, 1 L.Ed.2d at 1508), "prurient" was defined:

> "I.e., material having a tendency to excite lustful thoughts. Webster's New International Dictionary

(Unabridged, 2d ed, 1949) defines *prurient,* in pertinent part, as follows:

'... Itching; longing; uneasy with desire or longing; of persons, having itching, morbid, or lascivious longings; of desire, curiosity, or propensity, lewd. ...'

*Pruriency* is defined, in pertinent part, as follows:

'... Quality of being prurient; lascivious desire or thought. ...'

See also Mutual Film Corp. v. Industrial Com. 236 US 230, 242, 59 L ed 552, 559, 35 S Ct 387, Ann Cas 1916C 296, where this Court said as to motion pictures: '... They take their attraction from the general interest, eager and wholesome it may be, in their subjects, but a *prurient interest may be excited and appealed to. ...*' (Emphasis added.)

We perceive no significant difference between the meaning of obscenity developed in the case law and the definition of the A. L. I., Model Penal Code, § 207.10(2) (Tent Draft No. 6, 1957), viz.:

... A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest, i.e., *a shameful or morbid interest in nudity, sex, or excretion,* and if it goes substantially beyond customary limits of candor in description or representation of such matters. ...' See comment, id., at 10, and the discussion at pages 29 et seq." (Emphasis added.) [3]

---

**3.** *Accord* State v. Harding, 114 N.H. 335, 320 A.2d 646, 650 (1974) ("cumulative effect of [morbid and shameful] is to focus on material which exploits or caters to unhealthy, antisocial attitudes toward nudity, sex or excretion"). *See also* Haldeman v. United States, 340 F.2d 59, 61-62, n.5 (10th Cir. 1965); United States v. Ginzburg, 224 F.Supp. 129, 135 (E.D. Pa. 1963), *aff'd* 338 F.2d 12 (3rd Cir. 1964), *aff'd* 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966), *reh'g denied,* 384 U.S. 934, 86 S.Ct. 1440, 16 L.Ed.2d 536 (1966); City of Chicago v. Universal Publishing & Dist. Corp., 34 Ill.2d 250, 215 N.E.2d 251, 253 (1966); Attorney General v. A Book Named "John Cleland's Memoirs of a Woman of Pleasure," 349 Mass. 69, 206 N.E.2d 403, 405, *rev'd on other grounds,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966) (all defining prurient interest as a shameful or morbid interest in nudity, sex, or excretion). Moreover, our research did not reveal any cases defining prurient as a "*normal* lustful interest in sex."

We agree with the appellant that because the definition of "prurient" is a matter of interpretation of the First Amendment of the United States Constitution, it was error to submit this issue to the jury for its determination. The trial judge should have defined "prurient" for the jury in accordance with the definition given in *Roth,* as discussed above. In any event, the court's instruction defining "prurient" as "(1) A tendency to excite normal lustful interest in sex" is not encompassed in the *Roth* definition and, therefore, was improper.

We shall, therefore, reverse the decision of the Court of Special Appeals and remand the case to that court with instructions to reverse the judgment of the Criminal Court of Baltimore and remand to that court for a new trial.

In light of the above, it is not necessary to our decision to address the appellant's other complaints, all concerning certain instructions it had requested and the trial judge did not give. Nevertheless, since upon retrial similar requests may be made, we deem it appropriate to comment thereon for the guidance of the trial judge.

The appellant's requested instruction no. 2, in part, concerned the third element required to be shown by *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), *reh'g denied,* 414 U.S. 881, 94 S.Ct. 26, 38 L.Ed.2d 128 (1973), before obscenity could be found. Specifically, the appellant requested the following instruction:

> "Third, whether the work, taken as a whole, lacks serious literary, artistic, political *and* scientific value." (Emphasis supplied).

The trial judge used the disjunctive "or" instead of the conjunctive "and" as set forth above. From this, the appellant argues, the jury could convict having found that the work lacked only one rather than all of the serious values. We observe, first, that the trial judge used the exact language of the Supreme Court in *Miller, supra,* 413 U.S. at 24, 93 S.Ct. at 2615, 37 L.Ed.2d at 431. While it may have been more grammatically correct to have used "and" [4] rather than

---

4. "And. A conjunction connecting words or phrases expressing the idea

"or",[5] we do not believe the jury would have concluded that the third prong of the *Miller* requirements of obscenity would be satisfied upon a showing that the work lacked only one rather than all of the listed serious values. In our view, it would not have been wrong to have granted the appellant's instruction, but it was not reversible error to have given the instruction using "or." It is well settled that the terms "and" and "or" may be used interchangeably when it is reasonable and logical to do so.[6]

The appellant also complains that the trial judge erred in not giving the following requested instruction:

> "The Court instructs the jury that if the predominant appeal of the films in question here, taken as a whole, are an appeal to the normal interest in sex of the average person, the jury should acquit the accused."

Given that the trial judge had adequately explained to the jury the requirements laid down in *Miller,* we perceive no need for the court to have given the obverse of any of the three *Miller* requirements. It is basic that a trial judge, while bound to instruct on all legal principles generated by the

that the latter is to be added to or taken along with the first. Added to; together with; joined with; as well as; including. Sometimes construed as 'or.' " *Black's Law Dictionary* 79 (5th ed. 1979). (Citations omitted).

**5.** *"Or, conj.* A disjunctive particle used to express an alternative or to give a choice of one among two or more things. It is also used to clarify what has already been said, and in such cases, means 'in other words,' 'to-wit,' or 'that is to say.' The word 'or' is to be used as a function word to indicate an alternative between different or unlike things. In some usages, the word 'or' creates a multiple rather than an alternative obligation; where necessary in interpreting an instrument, 'or' may be construed to mean 'and.' " *Black's Law Dictionary* 987 (5th ed. 1979). (Citations omitted).

**6.** *See, e.g.,* Fidelity & Deposit Co. v. Mattingly Lumber Co., 176 Md. 217, 226, 4 A.2d 447, 452 (1939) ("and" may be construed to mean "or" to carry out intent of parties). *Accord* Shinn v. Heath, 259 Ark. 577, 535 S.W.2d 57, 62 (1976) ("or" may be construed to mean "and" to carry out general purpose of statute); Atchison v. City of Englewood, 193 Colo. 367, 568 P.2d 13, 18 (1977) ("or" may be construed to mean "and" to carry out intent of parties); Dague v. Piper Aircraft Corp., 418 N.E.2d 207, 211 (Ind. 1981) ("or" may be construed to mean "and" to comply with legislative intent). *Cf.* Thanos v. State, 282 Md. 709, 716-17, 387 A.2d 286, 290 (1978) (where statute forbids several acts stated disjunctively, charging document alleging more than one act stated disjunctively is defective as indefinite); Garratt v. City of Philadelphia, 387 Pa. 442, 127 A.2d 738, 740 (1956) ("or" may not be construed as "and" where result is contrary to legislative intent).

evidence, need not do so in the language of the request. Md. Rule 757 b.

Finally, the appellant argues that the trial judge erred in not giving the following instruction:

> "The Court instructs the jury that a film is not obscene merely because it depicts a relationship which is contrary to the religious precepts of the community."

The short answer to this argument is simply that, other than the requested instruction, the issue was not raised at trial. As no evidence regarding "religious precepts" was offered, it would have been improper to have granted the instruction. *See, e.g., Blackwell v. State,* 278 Md. 466, 477, 365 A.2d 545, 551-52 (1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2183, 53 L.Ed.2d 229 (1977); *Duffin v. State,* 229 Md. 434, 436, 184 A.2d 624, 625 (1962).

> *Judgment of Court of Special Appeals reversed; case remanded to that Court with instructions to reverse the judgment of the Criminal Court of Baltimore and remand to that Court for a new trial; costs to be paid by Mayor and City Council of Baltimore.*