JAMES SIMMS AND RICHARD A. THOMAS v.
STATE OF MARYLAND

[No. 110, September Term, 1979.]

*Decided November 6, 1980.*

714

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Nancy Louise Cook, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In Maryland, assault is a common law crime for which the Legislature has not prescribed a penalty. Consequently, the only limitation upon the number of years of imprisonment to which one may be sentenced for assault is, ordinarily, the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and Articles 16 and 25 of the Maryland Declaration of Rights. *Gleaton v. State,* 235 Md. 271, 277-278, 201 A.2d 353 (1964); *Duff v. State,* 229 Md. 126, 127, 182 A.2d 349, *cert. denied,* 371 U.S. 898, 83 S. Ct. 199, 9 L. Ed. 2d 130 (1962); *Burley v. State,* 226 Md. 94, 96-97, 172 A.2d 394 (1961). On the other hand, the Legislature has prescribed

maximum penalties for different specified types of aggravated assaults. Maryland Code (1957, 1976 Repl. Vol., 1980 Cum. Supp.), Art. 27, § 12. Under that section, the maximum penalty for assault with intent to rob is ten years' imprisonment.

In the two criminal cases before us the defendants were, *inter alia,* charged with assault with intent to rob and assault (hereinafter sometimes referred to as "simple assault"). The defendants were tried on both charges, with jeopardy attaching. Furthermore, in each proceeding, under the prosecution's evidence and theory of the case, the two charges were based upon the same acts. In each case, the assault with intent to rob charge was disposed of in the defendant's favor, and the defendant was convicted of simple assault. Each defendant was sentenced to twelve years' imprisonment. The issue before us concerns the propriety, under these particular circumstances, of a sentence exceeding ten years.

## I.

### Simms v. State

The petitioner James Simms was tried before a jury in the Criminal Court of Baltimore on a three count criminal information. Count one charged assault with intent to rob, count two charged simple assault, and count three charged attempted larceny. At the trial the victim, Floyd Munden, testified that at about 8:00 p.m. on February 9, 1978, he was walking home and passed the defendant Simms who "mumbled" that Munden "owed him." Munden testified that he began to walk faster and that Simms began chasing him. According to Munden, as he reached the front of a firehouse Simms threw a wine bottle at him which missed and shattered a window of the firehouse, resulting in Munden being cut by some of the flying glass. Munden stated that Simms then knocked him to the ground, went through his pockets and removed his wallet. The victim further stated that when a bystander shouted "police," Simms dropped the wallet and fled. Simms, testifying in his own behalf, gave an

entirely different version of the incident, saying that Munden had attacked him.

At the close of the evidence, the State's theory of the case, presented to the jury in the prosecuting attorney's final argument, was that Simms's actions in throwing a bottle at Munden, attacking Munden and going through his pockets, constituted the "assault" under count one of the information, and that Simms's intention "clearly was to rob." The prosecuting attorney indicated to the jury that the first count was the only reason for the criminal proceeding and that "we're really not interested in the second and third counts . . . ."

After final arguments to the jury, and out of the jury's presence, the prosecuting attorney represented to the court that "the case was either assault with intent to rob or nothing." Because of this, the court urged the State to proceed on the first count only. Nevertheless, the State wanted all counts to go to the jury, although the prosecuting attorney specifically requested an instruction that if the jury reached a guilty verdict on the first count, it should not consider the second and third counts. The trial court then instructed the jury as follows:

> "If you find that the defendant is guilty under the first count, you need not consider the second or third count. . . . If you find that the defendant is not guilty under the first count, then you should consider the second count of the assault. If you find that the defendant is not guilty under the first count, but guilty under the second count, you need not consider the third count."

Counsel for each side indicated satisfaction with this instruction. Thereafter, the jury returned a verdict of "not guilty" on count one and "guilty" on count two.[1]

---

1. The record discloses some confusion concerning the disposition of count three, attempted larceny. The jury foreman, after stating the verdicts on the first two counts, initially indicated the jury's understanding that no verdict was to be rendered on the third count if a guilty verdict on the second count was reached. After some discussion between the court and the foreman, the foreman then stated that the verdict was "not guilty" on the

Following receipt of a presentence report, the court imposed a sentence of twelve years' imprisonment for the conviction on count two, simple assault. Simms appealed to the Court of Special Appeals, challenging his conviction on several grounds. In addition, Simms contended that because the maximum punishment for assault with intent to rob is ten years, a sentence of twelve years for the lesser included offense of simple assault was improper. The Court of Special Appeals, in an unreported opinion, upheld the conviction and the sentence.

## Thomas v. State

Two separate criminal informations were filed against petitioner Richard A. Thomas in the Criminal Court of Baltimore. Although based on the same transaction, each information related to a different victim, and each contained the same four counts. Count one charged attempted robbery with a dangerous or deadly weapon in violation of Art. 27, §§ 488 and 489; count two charged assault with intent to rob in violation of Art. 27, § 12; count three charged simple assault; and count four charged Thomas with use of a handgun in the commission of a crime of violence. The two informations were tried together.

The State's evidence at the trial disclosed the following facts. Earl Knight and his girlfriend, Theresa Hartloff, were walking along a street in Baltimore City when they noticed Thomas and a companion following them. After a block or so, three or four other persons, not including Thomas, accosted Hartloff and Knight and attempted to take Hartloff's purse. A scuffle ensued whereupon Thomas, coming from behind the couple, drew a gun on Knight and threatened to shoot him. A police officer, on routine patrol, saw Knight being threatened, immediately pulled his cruiser to the curb and arrested Thomas. It is clear from the opening and closing arguments of the prosecuting attorney that the single action of Thomas in threatening Knight with a gun, while alleged

third count and that this was the unanimous decision of the jury. The court initially directed the clerk to enroll this verdict, and then, after a bench conference between the court and counsel, it was agreed that no verdict would be taken as to count three.

confederates were attempting to take Hartloff's purse, was the factual basis for every count in both informations.

At the close of all of the evidence, the State abandoned all but count three, charging simple assault, in the information relating to Knight. The abandonment of the first two counts was, apparently, due to the lack of evidence indicating an attempt or intent to rob Knight. In the information relating to Hartloff, the State abandoned only count two. Because jeopardy had attached, the State's action operated as an acquittal on each of the abandoned counts. *Bynum v. State,* 277 Md. 703, 705, 357 A.2d 339, *cert. denied,* 429 U.S. 899, 97 S. Ct. 264, 50 L. Ed. 2d 183 (1976).

The jury rendered a "not guilty" verdict in the criminal information relating to Hartloff. With regard to the other information, the jury found Thomas guilty under the only count submitted to it, namely simple assault upon Knight. After receiving a presentence report, the court sentenced Thomas to twelve years' imprisonment. As in *Simms,* the Court of Special Appeals, in an unreported opinion, rejected Thomas's argument that the maximum permissible sentence was ten years' imprisonment, and the intermediate appellate court affirmed the conviction and sentence.

### Proceedings In This Court

The Office of the Public Defender, representing Simms and Thomas, filed one petition for a writ of certiorari encompassing both cases, and presenting a single question concerning the propriety of the twelve year sentences for simple assault under the circumstances. Because this sentencing issue apparently occurs with some frequency in criminal cases in Maryland, we granted the petition.

### II.

Since all of the elements of simple assault are present in the offense of assault with intent to rob, both offenses, if based upon the same acts of the defendant, are deemed the same for merger and double jeopardy purposes. Where the two offenses are charged, and both charges are based on the same acts, simple assault is a lesser included offense of

assault with intent to rob. *See Sweetwine v. State,* 288 Md. 199, 201 n. 1, 421 A.2d 60 (1980); *Bynum v. State, supra,* 277 Md. at 707. In these circumstances, if a defendant were found guilty of both, he could not receive a separate sentence for each offense. Instead, a sentence could be imposed only for the greater offense of assault with intent to rob. *Johnson v. State,* 283 Md. 196, 203-204, 388 A.2d 926 (1978). *See also State v. Frye,* 283 Md. 709, 723-724, 393 A.2d 1372 (1978); *Marks v. State,* 230 Md. 108, 112, 185 A.2d 909 (1962), *cert. denied,* 373 U.S. 918, 83 S. Ct. 1308, 10 L. Ed. 2d 417 (1963).

The exact question before us in the present case is whether, when a defendant is charged with a greater offense and a lesser included offense which carries a higher maximum penalty, and when he is *acquitted* of the greater and convicted of the lesser, can he properly receive a more severe sentence than could have been imposed had he been convicted of the greater charge. This precise issue has not previously been decided by this Court, although related issues have been presented or discussed in our cases.

A somewhat broader issue was raised, although not specifically decided, in a series of cases involving the same defendant and the same convictions: *Roberts v. Warden,* 206 Md. 246, 111 A.2d 597 (1955); *Roberts v. Warden,* 214 Md. 611, 135 A.2d 446 (1957), *cert. denied,* 355 U.S. 966, 78 S. Ct. 556, 2 L. Ed. 2d 540 (1958); *Roberts v. Warden,* 221 Md. 576, 155 A.2d 891 (1959), *cert. denied,* 362 U.S. 953, 80 S. Ct. 866, 4 L. Ed. 2d 871 (1960); and *Roberts v. Warden,* 242 Md. 459, 219 A.2d 254, *cert. denied,* 385 U.S. 876, 87 S. Ct. 156, 17 L. Ed. 2d 104 (1966). Roberts, *inter alia,* was charged in each of two cases with assault with intent to murder and simple assault. He was not charged with assault with intent to rob or any of the other aggravated assaults carrying a ten year maximum sentence under the criminal code.[2] He pled guilty to each charge of simple assault, and, as a result, there was apparently no disposition of the assault with intent to murder charges. He received sentences of twenty years on

---

**2.** Assault with intent to murder, with which Roberts was charged, then carried a maximum sentence of fifteen years' imprisonment. The maximum is now thirty years. Art. 27, § 12.

each of the simple assault convictions, to run consecutively. Later, he challenged the convictions and sentences in several post conviction proceedings. The first two of the *Roberts* cases in this Court were habeas corpus actions and the next two were proceedings under the Post Conviction Procedure Act. Roberts's argument was that simple assault is a lesser criminal offense than any of the aggravated assaults set forth in the criminal code, and that, therefore, a sentence cannot be imposed for simple assault which exceeds the maximum provided by the Legislature for any of the aggravated assaults. *Roberts v. Warden, supra,* 206 Md. at 251-252. Consequently, Roberts argued, the maximum term of imprisonment which could be imposed for any simple assault, regardless of the facts, was ten years, corresponding to the maximum set forth in the statute for the least serious of the aggravated assaults. *Id.* at 252-253. Under Roberts's argument, it would not matter whether the simple assault charge was based on the same facts as an aggravated assault charge carrying a ten year maximum, or whether there was an acquittal on such aggravated assault charge, or whether such aggravated assault charge was even brought. Instead, it was claimed that ten years' imprisonment was the maximum which could be imposed for any simple assault.

This Court did not reach the merits of Roberts's contention in the first case. Instead, because Roberts conceded that ten years of his sentence was valid, and because he had not yet served the concededly valid portion, it was held that he would not be entitled to habeas corpus relief at that time. The appeal was dismissed as premature. However, the Court did note that the dismissal did not leave Roberts without a remedy, as he could file a motion in the trial court to correct an allegedly illegal sentence, *Roberts v. Warden, supra,* 206 Md. at 255. The second *Roberts* case, also a habeas corpus action, reached the same conclusion as the first, namely that any possible habeas corpus remedy was premature. *Roberts v. Warden, supra,* 214 Md. at 613. The Court did note, however, that since the prior case Roberts had filed a motion to correct an allegedly illegal sentence, that the trial court had denied the motion, and that Roberts had failed to take an appeal from this denial, choosing instead to bring another

habeas corpus action. In the third case to reach this Court, it was held that because of Roberts's failure to appeal from the denial of his motion to correct the sentences, "the alleged error in the sentences had been 'previously and finally litigated,' " and thus no action would lie under the terms of the Post Conviction Procedure Act. *Roberts v. Warden, supra,* 221 Md. at 580. In the last *Roberts* case before this Court, also an action under the Post Conviction Procedure Act, the Court reiterated that Roberts's failure to appeal from the adverse ruling on his motion to correct the sentences precluded post conviction relief, *Roberts v. Warden, supra,* 242 Md. at 460. Nevertheless, the Court (*id.* at 460-461) went on to express the opinion that the sentences did not constitute "cruel and unusual punishment," quoting *Gleaton v. State, supra,* 235 Md. at 277.

The *Gleaton* case involved a slightly different version of the contention made in the *Roberts* cases. In *Gleaton,* the defendant was charged with assault with intent to murder, assault and beating with intent to maim, and simple assault. At the time, the statutory maximum penalties for the aggravated assaults were imprisonment for fifteen years and ten years, respectively. Furthermore, at that time as today, the prescribed maximum penalty for no statutory aggravated assault was less than ten years' imprisonment. Apparently as a result of an implicit plea arrangement, the defendant pled guilty to the charge of simple assault, and the State nolle prossed the two counts charging aggravated assaults. The defendant was sentenced to ten years' imprisonment on the simple assault conviction. This did not, of course, exceed the maximum penalty specified for either of the aggravated assaults with which he had been charged. Thus, the *Gleaton* case did not present the issue before us in the instant cases. Moreover, since the sentence in *Gleaton* did not exceed the ten year maximum for the least serious of the statutory aggravated assaults, the precise argument made in the *Roberts* cases was not applicable. The defendant's argument in *Gleaton* was that the maximum sentence for simple assault should be *less* than the statutory maximum prescribed for any of the aggravated assaults, 235 Md. at 277. In rejecting this argument, the Court relied on

the absence of a statutory maximum for simple assault, and it refused to construe the aggravated assault statutes as expressing a legislative intent to limit sentences for simple assaults. *Ibid.* Finally, the Court held that the ten year sentence did not violate the constitutional proscriptions against cruel and unusual punishment. *Id.* at 277-278.

The most recent Maryland cases bearing upon the issue now before us are *Johnson v. State, supra,* 283 Md. at 203-204, and *Slye v. State,* 42 Md. App. 520, 401 A.2d 195 (1979). In *Johnson,* the defendant was charged with welfare fraud in violation of Art. 27, § 230A, and false pretenses in violation of former § 140 of Art. 27,[3] both charges being based upon the same conduct. At the time, the maximum prison term for welfare fraud was three years and the maximum prison term for false pretenses was ten years. The defendant was convicted of both charges and given separate sentences of four years' imprisonment on each charge.[4] On appeal to the Court of Special Appeals, he argued, *inter alia,* that for purposes of merger and multiple punishment, the two offenses must be deemed the same since all of the elements of false pretenses are included within welfare fraud, that he could only be sentenced for welfare fraud, and that the maximum sentence for this offense was three years instead of four. The Court of Special Appeals agreed that the two offenses, if based on the same conduct, must be deemed the same, that only one sentence could be imposed, and that the maximum sentence for welfare fraud was three years. Nevertheless, the intermediate appellate court held that the one sentence which could be imposed was the one for which a greater maximum was provided, namely false pretenses. Consequently, it reversed the conviction and sentence for welfare fraud and affirmed the conviction and four year sentence for false pretenses. This Court reversed, holding that because welfare fraud was the greater offense based upon the elements of the offenses, and false pretenses the lesser

---

**3.** Effective July 1, 1979, former Art. 27, § 140, was repealed and replaced by a new statute. Ch. 849 of the Acts of 1978. However, *Johnson* involved a prosecution under the old false pretenses statute.

**4.** Some of the facts in *Johnson* are taken from the Court of Special Appeals' unreported opinion in that case.

included offense, where there were convictions for both the maximum sentence must be that set forth in the welfare fraud statute. *Johnson v. State, supra,* 283 Md. at 204.

*Slye v. State, supra,* is a recent application by the Court of Special Appeals of the principles set forth in *Johnson* and other merger cases. There, the defendant was charged with grand larceny, carrying a maximum prison term of fifteen years, and shoplifting, carrying a maximum term of three years. Both charges were based on the same conduct, and the defendant was convicted of both offenses. He received a ten year sentence for larceny and a three year sentence for shoplifting. Although the State conceded on appeal that both convictions and sentences could not stand, and that the "lesser" offense merged into the "greater," it urged that the maximum penalties for the offenses should be considered in determining which was the "greater" offense. 42 Md. App. at 522, 526. Relying on *Johnson,* the Court of Special Appeals rejected this argument, holding that the "greater" offense is the offense with the additional element or elements and the "lesser" offense is the offense which is an "essential ingredient" of or is included within the other. *Id.* at 526. Consequently, as larceny was the lesser included offense and shoplifting the greater, the court vacated the ten year larceny sentence. *Id.* at 527.

Turning to the two cases before us, it is clear from *Johnson v. State, supra,* 283 Md. at 203-204, that if Simms and Thomas had been *convicted* of assault with intent to rob, as well as the included offense of simple assault, whether by the jury or as a result of a guilty plea, the maximum sentence which each lawfully could have received would have been ten years' imprisonment. It is only because each defendant was *acquitted* on the assault with intent to rob charge that the longer twelve year sentences arguably became legally permissible. But for the acquittals, each defendant would of necessity have received lighter sentences.

To uphold the twelve year sentences under these circumstances would be to sanction an extreme anomaly in the criminal law. It would permit a defendant to be punished more severely because of an acquittal on a charge. He would

have fared better if he were less successful or had pled guilty to the greater charge of assault with intent to rob. *Cf. Johnson v. State,* 274 Md. 536, 543, 336 A.2d 113 (1975), holding that "a price may not be exacted nor a penalty imposed for" pleading not guilty.

Furthermore, Simms and Thomas each received something more severe than the maximum for which he was prosecuted. When the State decided to charge assault with intent to rob as well as simple assault based on the same acts, and to proceed to trial on both charges, the State was, as a matter of legal necessity under *Johnson v. State, supra,* 283 Md. at 203-204, seeking a conviction carrying a maximum possible sentence of ten years' imprisonment. This is illustrated by the prosecuting attorney's remarks in *Simms* that the State was not interested in the simple assault count and that "the case was either assault with intent to rob or nothing." Simms and Thomas were defending against a prosecution seeking a conviction carrying a ten year maximum. If they had been defending against a prosecution carrying a risk of a much greater sentence, their tactics might well have been different. Under these circumstances, it is unfair to permit the State to exact a more severe and unanticipated penalty than that which could have been imposed if the prosecution had been wholly successful.

Accordingly, we hold that when a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge, he may not receive a sentence for that conviction which exceeds the maximum sentence which could have been imposed had he been convicted of the greater charge. This holding is in accord with the result reached in other jurisdictions which have considered the issue. *See, e.g., Roberts v. Collins,* 544 F.2d 168 (4th Cir. 1976), *cert. denied,* 430 U.S. 973, 97 S. Ct. 1663, 52 L. Ed. 2d 368 (1977); [5] *Lee v. State,* 259 Ind. 301, 286 N.E.2d 840

---

5. *Roberts v. Collins* involved the same defendant and the same convictions which were before this Court in Roberts v. Warden, 206 Md. 246, 111 A.2d 597 (1955), and three later cases. However, the issue resolved

(1972); *Hobbs v. State,* 253 Ind. 195, 252 N.E.2d 498, 501 (1969); *Application of Cannon,* 203 Or. 629, 281 P.2d 233 (1955). *See also People v. Schueren,* 10 Cal. 3d 553, 516 P.2d 833, 111 Cal. Rptr. 129 (1974).

On the other hand, we emphasize that our holding is a narrow one, and we decline to go as far as some other jurisdictions in two respects.

First, cases dealing with this issue in other jurisdictions have generally based their decisions upon the federal or state constitutional proscriptions against cruel and unusual punishment. However, we have consistently adhered to a policy of not deciding constitutional issues unnecessarily. *Kent v. State,* 287 Md. 389, 393, 412 A.2d 1236 (1980); *Hillard v. State,* 286 Md. 145, 150 n. 1, 406 A.2d 415, 418 (1979); *State v. Raithel,* 285 Md. 478, 484, 404 A.2d 264, 267 (1979). Since the Legislature has not expressly addressed the narrow issue before us, involving charges of both a greater and a lesser included offense under the circumstances of the instant cases, we need not decide whether a statute specifically authorizing the sentencing result in these cases would be constitutional. Instead, our holding today is rendered as a matter of Maryland common law and is not grounded upon the Eighth Amendment or the Maryland Declaration of Rights. *See Hillard v. State, supra,* 286 Md. at 150; *Lewis v. State,* 285 Md. 705, 714-715, 404 A.2d 1073 (1979).

Second, some of the cases from other jurisdictions seem to hold that any law or laws which authorize a punishment for a lesser included offense which is more severe than the maximum authorized for a greater offense are unconstitutional. In other words, even when the greater offense is not charged, it is held that the punishment for the lesser can never exceed

by the United States Court of Appeals for the Fourth Circuit was somewhat narrower than that initially raised by Roberts in this Court. As previously discussed, Roberts in this Court broadly argued that a ten year sentence, which is the maximum provided for the least serious of the statutory aggravated assaults, was the maximum which could be imposed for any simple assault, regardless of what was charged in the case. The Fourth Circuit in *Roberts,* however, held that the maximum sentence which could be imposed for the lesser included offense of simple assault in that case was the fifteen year term then statutorily prescribed for the aggravated assault with which Roberts was charged, namely assault with intent to murder.

the maximum prescribed for the greater. Otherwise, in the view of these courts, the sentence is not proportioned to the nature of the offense and thus violates the Eighth Amendment under the doctrine of *Weems v. United States,* 217 U.S. 349, 367, 380-381, 30 S. Ct. 544, 54 L. Ed. 793 (1910). *See Willoughby v. Phend,* 301 F. Supp. 644, 647 (N.D. Ind. 1969); *Lee v. State, supra,* 286 N.E.2d at 843; *Heathe v. State,* 257 Ind. 345, 274 N.E.2d 697 (1971); *Dembowski v. State,* 251 Ind. 24, 240 N.E.2d 815, 817 (1968); *Application of Cannon, supra,* 281 P.2d at 233. This Court rejected such a broad constitutional position in *Roberts v. Warden, supra,* 242 Md. at 460-461, and *Gleaton v. State, supra,* 235 Md. at 277, and we adhere to the views expressed in *Roberts* and *Gleaton.*

This Court, along with most other courts, has consistently held that the only feasible test for determining what is a "greater" and what is a "lesser included" offense is the so-called "required evidence" test of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), which focuses upon the elements of the crimes. Furthermore, it is only when two offenses, based on the same transaction, are deemed the same under this test that multiple punishment is generally prohibited. *Whack v. State,* 288 Md. 137, 142, 416 A.2d 265 (1980), and cases there cited. While usually the "greater offense" under this test will represent the more heinous or aggravated crime, this is not always true. In some situations when the Legislature creates a greater offense by adding an element to a basic crime such as larceny or false pretenses, the additional element may have been viewed as a mitigating rather than an aggravating factor, and for this reason a lesser maximum penalty is provided for the particular greater offense. This is illustrated by the offenses involved in *Johnson v. State, supra,* 283 Md. at 203-204, and *Slye v. State, supra.* Also, basic crimes such as simple assault or larceny can embrace an almost infinite variety of fact patterns. Some "simple assaults" may involve more brutal or heinous conduct than may be present in other cases falling within one of the statutory aggravated assaults. Moreover, these two situations could be combined, *e.g.,* where there is an assault

with intent to rob accompanied by extremely brutal conduct. Where this occurs, and where the State decides to prosecute just for basic assault because of the brutal nature of the conduct, a sentence exceeding the statutory maximum for assault with intent to rob is not "grossly out of proportion to the severity of the crime." [6] In our view, these considerations are entirely overlooked by the cases in other jurisdictions which hold that the maximum penalty for a lesser included offense can never exceed the maximum for a greater, regardless of the facts or the charges made in a particular case.

In sum, we do not believe that a sentence for simple assault, which exceeds the ten year statutory maximum sentence for assault with intent to rob, necessarily violates the prohibition against cruel and unusual punishment. On the other hand, where the State charges both assault with intent to rob and simple assault, each charge being based on the same acts, and the defendant is put in jeopardy, the State has in effect elected to prosecute for the ten year maximum penalty specified for the greater offense of assault with intent to rob. Consequently, the twelve year sentences imposed upon Simms and Thomas are invalid. The cases should be remanded for resentencing in light of present facts and circumstances, but in no event can the sentence in either case exceed ten years' imprisonment.

> *Judgments of the Court of Special Appeals vacated, and cases remanded to that court with instructions to affirm the judgments of the Criminal Court of Baltimore except as to the sentences imposed, and to vacate the sentences and remand the cases for resentencing in accordance with this opinion.*
>
> *Costs to be paid by the Mayor and City Council of Baltimore.*

---

6. Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976).