531 A.2d 675

Cleo **JOHNSON**

v.

**STATE of Maryland.**

**No. 5, Sept. Term, 1986.**

Court of Appeals of Maryland.

Oct. 7, 1987.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH,* McAULIFFE and ADKINS, JJ.

ELDRIDGE, Judge.

This criminal case presents two distinct questions, one relating to the trial court's jury instructions and one relating to the sentence.

Cleo Johnson and Arnold McDonald were indicted in the Circuit Court for Baltimore City on various charges growing out of an attack upon Dennis Dunlap. Specifically, Johnson and McDonald were charged with the following offenses: attempted murder; assault with intent to murder; assault with intent to maim, disfigure or disable; assault; and carrying a dangerous and deadly weapon with the intent to injure. Johnson and McDonald were tried together.

At the trial, the testimony on behalf of the State by the victim and two police officers showed the following facts. On the morning of October 22, 1984, Dennis Dunlap was walking toward a bus stop in Baltimore City when he was approached by Cleo Johnson and Arnold McDonald. McDonald was carrying a baseball bat. Johnson and McDonald, who were employed by a bail bond company, questioned Dennis Dunlap concerning the whereabouts of his brother, Robert Dunlap, who had failed to appear for a trial and whose bail bond was in danger of being forfeited. Upon being told by Dennis Dunlap that he did not know

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

where his brother was, McDonald swung the baseball bat, hitting Dunlap on the mouth. McDonald then repeatedly struck Dennis Dunlap with the baseball bat while Cleo Johnson held Dunlap. McDonald threatened to kill Dunlap unless Dunlap revealed his brother's whereabouts. A police officer, hearing Dunlap's cries for help, went to the scene. When the officer arrived, he observed Cleo Johnson holding Dunlap and Arnold McDonald putting a baseball bat in a parked vehicle. A second police officer arriving at the scene saw Johnson holding Dunlap, who was bleeding from the mouth. McDonald and Johnson were arrested, and Dunlap was taken to a hospital. Dunlap suffered injuries to his face, elbow, leg and thigh.

At the conclusion of the evidentiary portion of the trial, but before the case was submitted to the jury, the State "abandoned" as to both defendants the charges of attempted murder, assault with intent to maim, disfigure or disable, and carrying a deadly weapon with intent to injure. The case was submitted to the jury on the charges of assault with intent to murder and simple assault.[1] With regard to Arnold McDonald, the jury was unable to reach a verdict, and a mistrial was declared. The jury acquitted Cleo Johnson of assault with intent to murder but convicted him of simple assault. Thereafter the trial court sentenced Johnson to imprisonment for twenty years.

Johnson appealed to the Court of Special Appeals, claiming, *inter alia,* that the trial court erred in failing to give a requested jury instruction concerning impeachment of a witness by prior conviction. Johnson also maintained that the twenty-year sentence for assault was illegal in light of this Court's decisions in *Gerald v. State,* 299 Md. 138, 472 A.2d 977 (1984), and *Simms v. State,* 288 Md. 712, 421 A.2d 957 (1980). The intermediate appellate court, in an unre-

---

1. At a later date, the State formally entered nolle prosequis as to the abandoned charges. The earlier "abandonment" of the charges, however, actually constituted nolle prosequis as a matter of law. *See, e.g., Hooper v. State,* 293 Md. 162, 168–169, 443 A.2d 86 (1982), and cases there cited.

ported opinion, held that the jury instruction issue was not preserved for appellate review because Johnson failed to object after the court instructed the jury. Consequently, the court did not reach the question of whether the requested instruction should have been given. The Court of Special Appeals agreed with Johnson that, under the circumstances, the sentence was illegal and that the maximum sentence on the assault conviction was ten years imprisonment. The Court of Special Appeals upheld the guilty verdict but vacated the sentence and remanded the case for a new sentencing.

Johnson filed a petition for a writ of certiorari, challenging the Court of Special Appeals' decision on the jury instruction issue. The State also filed a petition for a writ of certiorari regarding the sentencing issue.[2] This Court granted both petitions, and we shall affirm.

(1)

■ The particular facts underlying Johnson's contentions that the trial court erred in its jury instructions, and that the issue was properly preserved for appellate review, are these. In the course of his testimony, the victim Dennis Dunlap admitted that he had previously been convicted of theft. After the close of the evidence, but before the trial court instructed the jury, the following colloquy took place:

"DEFENSE COUNSEL: YOUR HONOR, I DIDN'T ASK YOU THAT, BUT I ASSUME AS PART OF YOUR ORDINARY INSTRUCTION THAT YOU INSTRUCT THE JURY AS TO IMPEACHMENT BY PRIOR CONVICTION.

THE COURT: I NEVER DID.

DEFENSE COUNSEL: ONE OF THE WITNESSES HAD A PRIOR CONVICTION. I WOULD LIKE TO HAVE THAT INSTRUCTION.

THE COURT: WHAT INSTRUCTION?

---

**2.** The State's position concerning this sentencing issue was noted but not reached in *State v. Holmes,* 310 Md. 260, 261, 528 A.2d 1279 (1987).

DEFENSE COUNSEL: THAT YOU CAN CONSIDER THAT FACT IN WEIGHING THE CREDIBILITY OF A WITNESS.

THE COURT: THAT IS NOT A QUESTION OF LAW, IT IS A MATTER OF COMMON SENSE, ISN'T IT?

DEFENSE COUNSEL: SOME JUDGES DO THAT.

THE COURT: I DO WITH THE DEFENDANT WITH THE PURPOSE OF MAKING IT CLEAR THAT THEY CANNOT BASE THE VERDICT IN THIS CASE ON PRIOR MISCONDUCT."

Nothing more was said on the subject, and the trial court thereafter instructed the jury. The court did not in its instructions specifically mention impeachment by prior conviction. At the conclusion of the court's instructions, counsel approached the bench, and the following was said:

"PROSECUTOR: NO EXCEPTIONS, YOUR HONOR.

THE COURT: DOES THE DEFENDANT HAVE ANY?

DEFENSE COUNSEL: NO EXCEPTIONS."

Johnson asserts that his "direct request to the trial court to give the [impeachment] instruction, combined with the court's refusal to do so, was adequate to preserve the issue for appeal." (Johnson's brief, p. 13).

Maryland Rule 4–325(c), applicable to criminal cases, provides that the trial court, "at the request of any party shall ... instruct the jury as to the applicable law...." [3] This provision is mandatory; under it "a trial judge is required to give a requested instruction which correctly states the

---

**3.** Rule 4–325(c) in its entirety is as follows:

"(c) How Given.—The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing instead of orally. The court need not grant a requested instruction if the matter is fairly covered by instructions actually given."

Prior to July 1, 1984, substantially the same language was contained in former Rule 757 b. For a history of the provision, first adopted as Rule 6 effective January 1, 1950, *see Lansdowne v. State,* 287 Md. 232, 237–238, 412 A.2d 88 (1980).

applicable law and which has not been fairly covered in instructions actually given, and ... the failure to give such an instruction constitutes error." *Lansdowne v. State,* 287 Md. 232, 239, 412 A.2d 88 (1980), and cases there cited. *Accord: Smith v. State,* 302 Md. 175, 179–180, 486 A.2d 196 (1985); *Mack v. State,* 300 Md. 583, 592, 479 A.2d 1344 (1984); *Montgomery v. State,* 292 Md. 84, 93, 437 A.2d 654 (1981).

Although the trial court's failure to give a requested instruction may constitute error, the rules go on to indicate that such error is ordinarily not preserved for appellate review unless the requesting party objects after the trial court instructs the jury. Rule 4–325(e) provides in pertinent part that "[n]o party may assign as error ... the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury...." [4] The language of the rule plainly requires an objection after the instructions are given, even though a prior request for an instruction was made and refused.

There are good reasons for requiring an objection at the conclusion of the instructions even though the party had previously made a request. If the omission is brought to the trial court's attention by an objection, the court is given an opportunity to amend or correct its charge. Moreover, a party initially requesting a particular instruction may be entirely satisfied with the instructions as actually given. *See* generally, *Bennett v. State,* 230 Md. 562, 568, 188 A.2d

---

**4.** The entire Rule 4–325(e) is as follows:

"(e) Objection.—No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury. An appellate court, on its own initiative or on the suggestion of a party, may however take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object."

Prior to July 1, 1984, the substance of this provision was contained in former Rule 757 f. and h.

142 (1963); *Vernon v. State,* 12 Md.App. 157, 162–163, 277 A.2d 635 (1971).

The defendant relies on two of this Court's cases which, he contends, support his position that a request for a particular instruction is sufficient to preserve for appellate review the issue of whether such instruction should have been given, and that an objection after the jury is instructed is not necessary. They are *Bennett v. State, supra,* 230 Md. at 568–569, 188 A.2d 142, and *Merritt v. Darden,* 227 Md. 589, 597–598, 176 A.2d 205 (1962). While these cases do indicate that substantial compliance with the rules concerning instructions will be deemed sufficient to preserve an issue for appellate review, they do not support the defendant's argument or help the defendant under the circumstances here.

In *Bennett v. State, supra,* 230 Md. at 568, 188 A.2d 142, after pointing out that a defendant seeking appellate review of jury instructions "is required to make reasonable objection thereto," this Court stated: "But substantial compliance with the requirements of the rule has been held to be sufficient to preserve the right to a review." The Court then delineated the circumstances in *Bennett* which amounted to substantial compliance (*id.* at 568–569, 188 A.2d 142):

"In the instant case, where the requests for instructions were submitted to the court in writing and written instructions to the jury were prepared by the court and were discussed in chambers with counsel for both parties before the charge was read to the jury in open court, it is clear that the trial court was fully aware of the particular instruction the defendant desired the court to give, for, in rejecting the second request, the court noted in writing thereon that it was 'sufficiently covered in [the] court's instructions.' Moreover, the record discloses that the defendant not only objected then and there to the denial of the second requested instruction but also excepted to the refusal of the court to read it to the jury. And while no further exceptions were made to the prepared charge

after it had been read to the jury, there was in this case no reason to repeat in the court room what had already been said and recorded by the reporter in chambers.

\* \* \* \* \* \*

"We think that the objection or exception the defendant made was substantial compliance with the requirements of the rule, and that what was done in this case was sufficient to preserve the right of the defendant to a review by this Court under Rule 756 f."

In *Bennett,* therefore, in addition to making a request for an instruction, the defendant objected to the instructions prepared by the trial judge for delivery to the jury; the defendant's only "default" was the failure to object again after the jury was instructed.

In *Merritt v. Darden, supra,* 227 Md. at 597, 176 A.2d 205, counsel similarly objected in chambers to the trial judge's proposed instructions. After the instructions were given to the jury, counsel simply referred to his prior objection. Holding that there was substantial compliance with then Rule 554, concerning instructions in civil cases,[5] this Court said (*id.* at 597–598, 176 A.2d 205):

"In order to have avoided all uncertainty, it might have been better practice under Rule 554 d had counsel for the defendant explicitly restated the 'portion or omission or failure to instruct' objected to and and the 'specific grounds of his objection' after the conclusion of the instruction, instead of stating that his objections would be the same as he had made in chambers immediately before the instruction was given in open court.

"But inasmuch as it appears that the trial judge was fully aware of the principles of law advocated by counsel for the defendant before the instructions were given, we think that the objection made was substantial compliance with the requirements of the rule, and that what was

---

5. The current rule number for instructions in civil cases is Rule 2–520.

done was sufficient to preserve the right of the defendant to a review by this Court under Rule 554 e."

The present case is entirely different from *Bennett* and *Merritt*. In both of those cases, there were unambiguous requests for instructions and objections to the trial court's proposed instructions. There was nothing indicating acquiescence in the instructions after they were given to the jury. In the case now before us, however, the request for the "impeachment" instruction was somewhat ambiguous. There was no objection made when the trial judge indicated to counsel what the judge intended to do. Finally, after the jury was instructed, counsel for the defendant Johnson specifically stated that he had "no exceptions" to the instruction. There clearly was no "substantial compliance" with Rule 4–325. In fact, there was express acquiescence in the instructions as given. *See Mills v. State*, 310 Md. 33, 69, 527 A.2d 3 (1987). *Cf., Foster v. State*, 304 Md. 439, 451, 499 A.2d 1236 (1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3310, 92 L.Ed.2d 723 (1986), and cases there cited; *Glover, Robinson & Gilmore v. State*, 273 Md. 448, 452–453, 330 A.2d 201 (1975). Under the circumstances, the Court of Special Appeals correctly held that no issue concerning the jury instructions was preserved for appellate review.

(2)

■ In our view, the Court of Special Appeals was also correct in holding that, under *Gerald v. State, supra*, 299 Md. 138, 472 A.2d 977, and *Simms v. State, supra*, 288 Md. 712, 421 A.2d 957, Johnson's twenty-year sentence for simple assault was illegal.

The opinion in this Court reported as *Simms v. State, supra*, disposed of two entirely separate criminal cases, involving separate trials and separate appeals to the Court of Special Appeals. They were *James Simms v. State* and *Richard Thomas v. State*. James Simms was tried before a jury on a three count information charging assault with intent to rob, simple assault, and attempted larceny. The

statutory maximum sentence for assault with intent to rob was ten years imprisonment; no maximum sentence was statutorily prescribed for simple assault. Both assault charges against Simms were based on the same alleged act of assault. The jury found Simms not guilty of assault with intent to rob and guilty of simple assault; there was no verdict on the attempted larceny count. The trial court imposed a twelve-year sentence for simple assault, and the Court of Special Appeals affirmed.

Richard Thomas was tried before a jury on informations charging, *inter alia,* assault with intent to rob and simple assault, both based on the same alleged act of assault. At the close of all of the evidence, but before the case was submitted to the jury, the State nol prossed the charge of assault with intent to rob. The jury found Thomas guilty of simple assault; he was also sentenced to twelve years imprisonment, and the Court of Special Appeals affirmed.

This Court decided, as a matter of Maryland common law, that the twelve-year sentence imposed on James Simms and the twelve-year sentence imposed on Richard Thomas were invalid. Despite the fact that the Legislature had not set forth a maximum sentence for simple assault, we took the position that, under the circumstances, the maximum sentences that could have been imposed on the simple assault convictions were ten years. 288 Md. at 727, 421 A.2d 957. The Court set forth its holding as follows (*id.* at 724, 421 A.2d 957).

> "Accordingly, we hold that when a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge, he may not receive a sentence for that conviction which exceeds the maximum sentence which could have been imposed had he been convicted of the greater charge."

At the conclusion of our opinion, *id.* at 727, 421 A.2d 957, we reiterated that

"where the State charges both assault with intent to rob and simple assault, each charge being based on the same acts, and the defendant is put in jeopardy, the State has in effect elected to prosecute for the ten year maximum penalty specified for the greater offense of assault with intent to rob. Consequently, the twelve year sentences imposed upon Simms and Thomas are invalid."

*Gerald v. State, supra,* involved the same type of situation as in the *Simms* and *Thomas* cases except that the defendant had been charged with two greater offenses plus simple assault, all based on the same act. The defendant Gerald had been charged with armed robbery which carries a maximum sentence of twenty years, robbery which carries a maximum sentence of ten years, and simple assault. The jury acquitted Gerald of both armed robbery and robbery but convicted him of assault. A sentence of fifteen years was imposed. In ordering that the sentence be vacated, this Court held that, under *Simms,* the ten-year maximum sentence for robbery furnished the maximum that could be imposed on Gerald's assault conviction.

Turning to the present case, the State's principal contention is that the rule of the above-summarized cases applies only when the jury *acquits* the defendant of the greater charges while convicting him of the lesser included charge of simple assault, and that the *Simms, Thomas* and *Gerald* rule is inapplicable where the greater charge is disposed of by a nolle prosequi after jeopardy attaches. This argument, however, is directly contrary to the *Thomas* case and the language of the *Gerald* case. As previously discussed, in *Thomas v. State* the greater charge of assault with intent to rob was disposed of by a nolle prosequi after the close of the evidence and not by a jury acquittal.[6] We

---

6. The State's position is premised upon a misunderstanding of the *Thomas* case. Thus, the argument in the State's brief in this Court misstates the facts of *Thomas* as follows (pp. 19–20):

"The Court of Special Appeals erred in its determination of Johnson's sentence. In *Simms v. State, supra,* Simms was acquitted by a jury of assault with intent to rob, but convicted of simple

expressly pointed out in the opinion that the nolle prosequi was to be treated as an acquittal, saying (288 Md. at 718, 421 A.2d 957): "Because jeopardy had attached, the State's action operated as an acquittal on each of the abandoned counts." Again in the *Gerald* opinion, Judge Orth for the Court made it clear that a nolle prosequi of an aggravated assault charge *after* jeopardy attaches is tantamount to an acquittal and places a cap upon the possible maximum sentence on the lesser included simple assault charge (299 Md. at 145, 472 A.2d 977):

"Further, when the State placed Gerald in jeopardy on both the armed robbery and robbery charges, it was seeking a prosecution not only on a charge carrying a maximum possible sentence of 20 years, but, in the alternative, a charge carrying a maximum possible sentence of only 10 years. *See Johnson v. State,* 283 Md. [196] at 203–204, 388 A.2d 926. Had it believed that Gerald's conduct was so atrocious as to warrant a sentence subject only to constitutional limitations, it could have gone to trial only on the simple assault charge, *see, Simms,* 288 Md. at 726–727, 421 A.2d 957, or, if it thought that justice would be served by a possible maximum sentence of 20 years, it could have proceeded on the armed robbery and assault charges. Of course, in such event, the prosecu-

---

assault. In *Thomas v. State,* (consolidated on appeal with *Simms* ), Thomas was acquitted by a jury of attempted robbery with a dangerous and deadly weapon, assault with intent to rob, and use of a handgun in the commission of a crime of violence, but convicted of simple assault. In *Gerald v. State, supra,* Gerald was acquitted by a jury of armed robbery and simple robbery, but convicted of assault and battery. In each of these cases, the actual acquittals on the greater charges served to limit the maximum available sentence for the common law crime of assault."

After quoting from the *Simms* and *Gerald* opinions, the State's argument proceeds (brief, pp. 22–23):

"The sentence in the instant case was not improper. The assault with intent to maim charge was not the 'flagship' crime, because it was never considered by the jury.... Treating a *nolle pros* entered after jeopardy attaches as an acquittal for purposes of establishing a maximum sentence does not advance the purposes articulated in *Simms* and *Gerald.*"

tion would have to enter a *nolle prosequi* before jeopardy attached with respect to the charges it did not wish to pursue. But by putting Gerald to trial on both aggravated assaults, the prosecution indicated its acquiescence to a possible maximum sentence of 10 years. Under such circumstances, it is unfair to permit the State to exact a more severe and unanticipated penalty than that which could have been imposed if the prosecution, even though not able to prove armed robbery, had been successful in proving robbery. *See Simms* at 724, 421 A.2d 957. The short of it is that the 'flagship crime' governing the sentence to be imposed in the case *sub judice* was the robbery and not the armed robbery."

The State in the present case also contends that the reasoning underlining the rule of *Simms* and *Gerald* has no application where the greater charge is nol prossed. The State initially points to that portion of the *Simms* opinion in which we stated as follows (288 Md. at 723–724, 421 A.2d 957):

"Turning to the two cases before us, it is clear from *Johnson v. State, supra*, 283 Md. at 203–204 [388 A.2d 926], that if Simms and Thomas had been *convicted* of assault with intent to rob, as well as the included offense of simple assault, whether by the jury or as a result of a guilty plea, the maximum sentence which each lawfully could have received would have been ten years' imprisonment. It is only because each defendant was *acquitted* on the assault with intent to rob charge that the longer twelve year sentences arguably became legally permissible. But for the acquittals, each defendant would of necessity have received lighter sentences.

"To uphold the twelve year sentences under these circumstances would be to sanction an extreme anomaly in the criminal law. It would permit a defendant to be punished more severely because of an acquittal on a charge. He would have fared better if he were less successful or had pled guilty to the greater charge of assault with intent to rob."

The State then asserts (brief, p. 23): "As neither the judge nor jury 'acquits' a defendant in cases where a *nolle pros* is entered, no anomaly is generated as the defendant is not sentenced more harshly for attaining the victory. Further, no price is exacted for pleading not guilty." We disagree with the State's assertion. A nolle prosequi during the presentation of evidence or after the close of evidence might be generated by the defendant's success in undermining the prosecution's case or in presenting a defense. The same defense success which leads to an acquittal might lead to a nolle prosequi on a greater charge before the case is submitted to the jury. The anomaly pointed to in the *Simms* opinion, therefore, may arise when the greater charge is nol prossed. Moreover, as shown in the previously quoted passage from *Gerald,* there were additional reasons for the rule applied in the *Simms* and *Gerald* opinions.

At the oral argument in the present case, the suggestion was made that, where the greater charge was nol prossed after jeopardy attached, the applicability of the rule adopted in *Simms* and *Gerald* should depend upon the reasons for the nolle prosequi: if it was because of the evidentiary insufficiency or weakness of the prosecution's case, it should be treated like an acquittal, but if the nolle prosequi were for other reasons, it should not be treated as an acquittal. There would be numerous problems in applying such a rule. The "reason" given by the prosecuting attorney for the nolle prosequi may not actually reveal whether the prosecution's case was weak or whether the nolle prosequi was caused by successful defense efforts on the greater charge. Furthermore, such a rule might, in effect, require the trial court at sentencing to render a verdict on the nol prossed charge. This would be undesirable and, in some situations, unworkable. Consequently, we decline to modify the rule applied in the *Simms* and *Gerald* opinions.

JUDGMENT AFFIRMED.

COSTS TO BE EVENLY DIVIDED.