Clarence J. SUTTON, Petitioner,

v.

STATE OF MARYLAND and Warden, Respondent.

Civ. No. H-87-2386.

United States District Court, D. Maryland.

March 1, 1988.

Clarence J. Sutton, pro se.

J. Joseph Curran, Jr., Atty. Gen. of Maryland, Jillyn K. Schulze, Asst. Atty. Gen., Baltimore, Md., for respondent.

OPINION AND ORDER

MALETZ, Senior Judge, Sitting by Designation:

◼ Petitioner, Clarence J. Sutton, an inmate serving a fifteen-year sentence in the Maryland House of Correction for assault, seeks a writ of habeas corpus. He claims first that the charging document in his case violated his right to due process in failing to set forth all the elements of the offense; second, that the state appellate court violated his right to due process by denying him leave to appeal the trial court's denial of his petition for post-conviction relief; and third, that his sentence is excessive and thereby violates the eighth amendment.[1]

Petitioner was charged in the Circuit Court for Baltimore City with the August 12, 1982 assault of Cecil Jordan. The evidence at trial showed that petitioner threatened to kill Jordan and then stabbed him five times—three times in the chest and once under each ear. *See Sutton v. State,* No. 544 (Md.Ct.Spec.App. Jan. 27, 1984) (per curiam). The jury convicted petitioner and the court sentenced him to a fifteen-year term of imprisonment. The Court of Special Appeals of Maryland affirmed the conviction.

◼ Petitioner subsequently filed two petitions for post-conviction relief in the state court, both of which were denied without leave to appeal, and a petition for a writ of habeas corpus in this court.[2] This court denied his petition for habeas corpus

---

1. The eighth amendment is made applicable to the states through the fourteenth amendment. *See Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

2. In his first petition for habeas corpus relief, petitioner claimed that his charging document was unconstitutionally deficient, that he was denied the effective assistance of counsel at trial, and that his due process rights were violated by the trial court's refusal to permit the jury to see a copy of a police report.

relief and the Fourth Circuit denied petitioner a certificate of probable cause to appeal. Petitioner then filed the current petition for a writ of habeas corpus, raising for the first time in federal court his claim that his sentence violates the eighth amendment.[3]

■ The court first considers petitioner's claim that the charging document in his case failed to set forth all the elements of the offense, thereby violating his due process right to be fairly apprised of the crime charged. This claim is easily disposed of because the substance of the claim was presented and decided in petitioner's first habeas corpus petition. In that case, the court ruled that petitioner's constitutional rights were not infringed by the wording of the charging document in his case. *Sutton v. Maryland House of Corrections*, No. H–84–4075 (D.Md. Apr. 8, 1985). In this circumstance, the court will not reconsider this claim. *See* Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (1977).

Petitioner next claims that the state appellate court's denial of leave to appeal the denial of his second petition for post-conviction relief deprived him of due process. The court need not decide this issue, however, in light of its disposition of petitioner's claim that his fifteen-year sentence for assault constitutes excessive punishment in violation of the eighth amendment.

■ Petitioner was charged with and convicted of common law assault, an offense which carries no maximum penalty under Maryland law. *Simms v. State*, 288

Md. 712, 714, 421 A.2d 957, 958 (1980) (en banc). The only limit on the sentence a Maryland court may impose for common law assault is the constitutional prohibition against cruel and unusual punishment. *Simms*, 288 Md. at 714, 421 A.2d at 958. Though there is no maximum penalty for common law assault under Maryland law, the state legislature has imposed limits on the sentence a defendant may receive for certain aggravated assaults. Assault with intent to maim and assault with intent to rob, for example, carry maximum penalties of ten years imprisonment.[4] The maximum sentence for assault with intent to rape is fifteen years and the maximum for assault with intent to murder is thirty years.[5] This sentencing scheme results in the anomaly that a defendant may receive a longer sentence for common law assault, a lesser included offense of all of the above offenses,[6] than he could receive for any of the greater statutory offenses. In petitioner's case, his sentence for assault exceeded that which he could have received for assault with intent to maim or assault with intent to rob.

The Fourth Circuit addressed this problem in *Roberts v. Collins*, 544 F.2d 168 (4th Cir.1976), *cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977). In *Roberts*, the defendant was charged with assault with intent to murder, an offense which at the time carried a maximum sentence of fifteen years.[7] The defendant pled guilty to the lesser included offense of assault, but received a sentence of twenty years—five years more than he could have

---

3. Petitioner raised this claim in the state court in his second petition for post-conviction relief. The court dismissed the petition on the ground that petitioner's claims had been considered and denied in his first petition for post-conviction relief. The Court of Special Appeals of Maryland then denied petitioner leave to appeal the dismissal. Respondent admits and the court finds that petitioner has exhausted all claims raised in the current petition. *See* 28 U.S.C. § 2254(b) (1977).

4. Md.Code Ann., Art. 27, § 386 and § 12 (1982).

5. Md.Code Ann., Art. 27, § 12 (1982).

6. *See Johnson v. State*, 310 Md. 681, 531 A.2d 675 (1987) (assault is lesser included offense of

assault with intent to maim); *Simms v. State*, 288 Md. 712, 421 A.2d 957 (1980) (assault is lesser included offense of assault with intent to rob); *Walker v. State*, 53 Md.App. 171, 452 A.2d 1234 (Md.Ct.Spec.App.1982) (assault is lesser included offense of assault with intent to rape); *Roberts v. Collins*, 544 F.2d 168 (4th Cir.1976), *cert. denied*, 420 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977) (assault is lesser included offense of assault with intent to murder).

7. The legislature has since raised the maximum sentence for assault with intent to murder to thirty years. Md.Code Ann., Art. 27, § 12 (1982).

received had he been convicted of or pled guilty to assault with intent to murder. The court held that imposition of a greater punishment for a lesser included offense than could be imposed for a greater offense violates the eighth amendment's requirement that sentences be proportionate to the offense.

The Supreme Court has since decided several cases concerning proportionality review of sentences in noncapital cases and has made it clear that federal courts should rarely interfere with legislatively mandated terms of imprisonment.[8] In *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133,. 63 L.Ed.2d 382 (1980), the Court upheld a life sentence for obtaining less than $200 by false pretenses and in *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982), upheld a forty-year sentence for possession with intent to distribute and distribution of nine ounces of marijuana.

In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), however, the Court held that a sentence of life imprisonment without parole for writing a bad check was disproportionate to the crime and therefore violated the eighth amendment. The Court distinguished *Rummel* on the ground that the defendant's life sentence in that case did not preclude the possibility of parole. Significantly, in discussing proportionality review, the Court noted the continued viability of the holding in *Roberts* stating, "Few would dispute that a lesser included offense should not be punished more severely than the greater offense." *Solem*, 463 U.S. at 293, 103 S.Ct. at 3011.

In *Turner v. State*, 45 Md.App. 168, 411 A.2d 1094 (Md.Ct.Spec.App.1980), the Ma-

ryland Court of Special Appeals distinguished *Roberts* in upholding a twelve-year sentence for assault, notwithstanding the ten-year statutory maximum for assault with intent to rob.[9] The court distinguished *Roberts* on the ground that the defendant in that case had actually been charged with the greater inclusive offense whereas the defendant in *Turner* was only charged with assault. The court reasoned that where a defendant is actually charged with a greater offense, the maximum possible sentence is clear and reasonable and the sentence for a lesser included offense should not exceed this maximum. According to the court, this logic is not present when the defendant is not actually charged with the greater offense. The court further noted that the state may charge a lesser offense because it lacks evidence of a greater offense or because the circumstances call for compassion. This charging decision, the court indicated, should not limit the possible sentence for the lesser offense because the evidence at trial may turn out to be less favorable to the defendant than it appeared at the time of charging.

In *Simms v. State*, 288 Md. 712, 421 A.2d 957 (1980) (en banc), the Maryland Court of Appeals further considered the distinction between a defendant who is actually charged with a greater offense and one who is not. In *Simms*, the court reasoned that the maximum penalty for a greater offense acts as a cap on the sentence the court may impose for a lesser included offense only when the state actually charges the greater offense because, by charging the greater offense, the state

---

**8.** Petitioner's sentence was authorized by common law and not by the legislature. The same was true of the sentence at issue in *Roberts*, 544 F.2d at 168.

**9.** In several cases, the Maryland courts have not only distinguished *Roberts*, but have asserted that they are not bound by the Fourth Circuit's holding in that case, being bound instead by the earlier contrary decision of the Maryland Court of Appeals in the same case. *Roberts v. Warden*, 242 Md. 459, 219 A.2d 254, *cert. denied*, 385 U.S. 876, 87 S.Ct. 156, 17 L.Ed.2d 104 (1966). *See Walker v. State*, 53 Md.App. 171, 195 n. 10,

452 A.2d 1234, 1247 n. 10 (Md.Ct.Spec.App. 1982); *Turner v. State*, 45 Md.App. 168, 172, 411 A.2d 1094, 1097 (Md.Ct.Spec.App.1980); *Brown v. State*, 38 Md.App. 192, 195, 379 A.2d 1231, 1233 (Md.Ct.Spec.App.1977). It is well established, however, that as to constitutional issues raised in a habeas corpus petition, "even a single federal judge may overturn the judgment of the highest court of a State insofar as it deals with the application of the United States Constitution or laws to the facts in question." *Summer v. Mata*, 449 U.S. 539, 543–44, 101 S.Ct. 764, 767–68, 66 L.Ed.2d 722 (1981).

elects to seek only the maximum statutory penalty.

Against this background, it is clear that petitioner's fifteen-year sentence for common law assault is permissible under Maryland law because he was not actually charged with a greater offense. *See also Ross v. State,* 59 Md.App. 251, 475 A.2d 481 (Md.Ct.Spec.App.), *cert. denied,* 301 Md. 177, 482 A.2d 502 (1984). The issue before this court, however, is not whether petitioner's sentence is permissible under state law. The issue, rather, is whether the eighth amendment prohibits the imposition of a longer sentence for a lesser included offense than could be imposed for a greater offense where the greater offense was not actually charged.[10]

Only the Indiana courts have addressed this precise constitutional issue.[11] In *Heathe v. State,* 257 Ind. 345, 274 N.E.2d 697 (1971), the Supreme Court of Indiana held that the sentence for a lesser included offense may not, under the eighth amendment and a similar provision in the state constitution, exceed that provided for a greater offense even if the greater offense was not charged. The court's rationale was that a contrary result would allow two different maximum sentences for the same offense depending on how the state proceeded. The court further reasoned that allowing a longer sentence for a lesser included offense than could be imposed for a greater offense would, in effect, allow the state to increase the maximum penalty for the greater offense by charging only the lesser included offense, with its longer potential sentence.

This reasoning is persuasive. If the sentence for a lesser included offense was not limited by legislatively mandated sentence maximums for greater offenses, it would be irrational for the state ever to charge a defendant with a greater offense. For example, charging a defendant with assault with intent to murder rather than with common law assault would increase the state's burden of proof while limiting the punishment the defendant could receive. The Constitution cannot sanction such an anomaly. The eighth amendment's requirement that sentences be proportionate to the offense prohibits a court from imposing a greater sentence for a lesser included offense than could be imposed for a greater offense regardless of whether the defendant was charged with the greater offense.

Accordingly, the court holds that petitioner's fifteen-year sentence for assault, a lesser included offense of assault with intent to maim and assault with intent to rob, is unconstitutional insofar as it exceeds the maximum sentence of ten years he could have received had he been convicted of either greater offense. The petition is granted to the extent that the sentence imposed is constitutionally impermissible. In all other respects, the petition is denied.

---

10. Many courts have held that a sentence for a lesser included offense may not exceed that provided for a greater offense, without discussing whether a different result should obtain if the defendant was not actually charged with the greater offense. *See Roberts v. Collins,* 544 F.2d 168 (4th Cir.1976), *cert. denied,* 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977); *Willoughby v. Phend,* 301 F.Supp. 644 (N.D.Ind.1969); *State v. Dayutis,* 127 N.H. 101, 498 A.2d 325 (1985); *State v. Shumway,* 291 Or. 153, 630 P.2d 796 (1981) (en banc); *People v. Schueren,* 10 Cal.3d 553, 516 P.2d 833, 111 Cal.Rptr. 129 (1974). *But see State v. Goodrick,* 102 Idaho 811, 641 P.2d 998 (1982).

11. The Maryland courts have specifically grounded their holdings upon Maryland common law and not upon the eighth amendment or the Maryland Declaration of Rights. *See e.g., Simms,* 288 Md. at 725, 421 A.2d at 964.