## ADAIR *v.* STATE

[No. 258, September Term, 1962.]

*Decided April 4, 1963.*

256

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Arthur L. Rhoads, Jr.,* for appellant.

*Russell R. Reno, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Joseph G. Koutz, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by a jury of assault with intent to rape Florence Scheidt, and, under another indictment, of assault upon Mildred Harmon. He was sentenced to life imprisonment in the first case, and to twenty years' confinement in the second, the sentences to run consecutively.

The trial judge was correct in denying appellant's prayers relating to abandonment of purpose. The factual situation did not justify their being granted. Appellant's own testimony disclosed an assault with intent to rape. Cf. *Duffin v. State,* 229 Md. 434, 184 A. 2d 624.

The sentence of twenty years' confinement for assault did not constitute "cruel and unusual punishment" contrary to Articles 16 and 25 of the Maryland Declaration of Rights. Cf. *Heath v. State,* 198 Md. 455, 85 A. 2d 43; *Duff v. State,* 229 Md. 126, 182 A. 2d 349.

The fact that no members of the Negro race were upon the jury, alone, does not establish the denial of a fair and impartial trial. *Giles v. State,* 229 Md. 370, 183 A. 2d 359.

The fourth and fifth questions, relating to the admissibility of evidence are not before us, no objection having been made below. Maryland Rule 522 d 2.

The bare allegations that appellant was "a victim of circumstances," and "he now alleges that the State withheld evidence" do not require answers. The claim, not argued in his brief (Cf. Maryland Rule 831 d 4), that "the pretrial psychiatric examination * * * [of appellant at the request of his

counsel] was only of about fifteen minutes duration and consequently incomplete" was not raised below, hence it is not properly before us. Maryland Rules 885 and 772.

*Judgments affirmed.*