634 A.2d 966

Terry THOMAS

v.

STATE of Maryland.

No. 96, Sept. Term, 1993.

Court of Special Appeals of Maryland.

Dec. 29, 1993.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Logan C. Widdowson, State's Atty. for Somerset County, Princess Anne, on the brief), for appellee.

Submitted before MOYLAN, DAVIS and MURPHY, JJ.

MURPHY, Judge.

In the Circuit Court for Somerset County, Terry Thomas, appellant, was convicted by the Honorable Daniel M. Long of assault and battery. Appellant was an inmate at the Eastern Correctional Institution when he assaulted and battered the victim, Patricia Briggs, a Division of Correction hearing officer. Although the two convictions were based on different behavior, Judge Long merged them "for purposes of sentencing only" and imposed a ten-year prison sentence, to be served consecutively to the sentence appellant was then serving. Appellant contends that his sentence is disproportionate under the Eighth Amendment to the Constitution of the United States [1] and Article 25 of the Maryland Declaration of Rights.[2] We disagree.

## Facts

At the start of appellant's court trial, the prosecutor requested that appellant remain shackled. Judge Long granted that motion when the correctional officer who transported appellant to court testified that appellant had threatened to "create hell in the courtroom" the minute he was unshackled

---

**1.** In phrasing the issue on appeal, appellant states that the sentence offends the Fourteenth—rather than the Eighth—Amendment. He also states that the sentence violates Article 16 of the Maryland Declaration of Rights. In his "Question Presented," appellant adds that it also offends common law principles. The argument presented in appellant's brief concerns the Eighth—rather than the Fourteenth—Amendment. Appellant offers no argument concerning Article 16 or the common law. We have therefore rephrased the issue to comport with appellant's argument.

**2.** Because Article 25 prohibits "cruel *or* unusual punishment," appellant suggests that it affords greater protection than the Eighth Amendment, which prohibits "cruel *and* unusual punishment." (Emphasis added to both provisions). On December 6, 1993, however, the Court of Appeals stated that "[b]ecause the prevailing view of the Supreme Court recognizes the existence of a proportionality component of the Eighth Amendment, we perceive no difference between the protection afforded by that Amendment and by the 25th Article of our Declaration of Rights." *Thomas v. State,* 333 Md. 84, 103 n. 5, 634 A.2d 1.

and stated: "If I g[e]t a gun, the first thing I'm going to do is kill that bitch, Briggs."

The evidence presented to Judge Long established that appellant had been accused of violating a prison rule and was brought before the victim for a hearing. During the hearing, the victim was seated at a desk, six to eight feet away from appellant, whose hands were cuffed behind his back. At the conclusion of the hearing, the victim found appellant guilty of the rule violation. Then, according to the victim:

> I put my head down to continue writing. When I looked up again, Mr. Thomas's foot was in my face. Sergeant Henderson grabbed his body and Officer Bradley I believe grabbed his foot and Mr. Thomas pushed the desk into me. I was in a seated position. I went back towards the wall because I was maybe two feet from the wall.

Correctional officers wrestled appellant to the ground, put leg irons around his ankles, then escorted him from the hearing room. As appellant was leaving, he spat at the victim. Saliva struck the lapel of her jacket. Judge Long made it clear that the assault conviction was based on "the kicking of the foot in the direction of the [h]earing [o]fficer's face," and the battery conviction was based on "the spitting incident." When he imposed the ten year sentence, Judge Long stated to appellant, "[t]his [was] an attack on the very system that was designed to protect you."

### Discussion

In two separate opinions filed on December 6, 1993, the Court of Appeals addressed proportionality challenges to sentences imposed for common law assaults and batteries. In *Thomas v. State*, 333 Md. 84, 634 A.2d 1, the Court discussed *Harmelin v. Michigan*, —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), in which the Supreme Court affirmed a sentence of life imprisonment without possibility of parole for possession of more than 650 grams of cocaine, and *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in which the Supreme Court held that a sentence of life imprisonment without possibility of parole, mandated by a recidivist

statute, did constitute cruel and unusual punishment when imposed upon a defendant convicted of uttering a bad check. The Court of Appeals concluded:

> In considering a proportionality challenge, a reviewing court must determine whether the sentence appears to be grossly disproportionate. In so doing, the court should look to the seriousness of the conduct involved, the seriousness of any relevant past conduct as in the recidivist cases, any articulated purpose supporting the sentence, and the importance of deferring to the legislature and to the sentencing court. . . .

> If these considerations do not lead to a suggestion of gross disproportionality, the review is at an end. If the sentence does appear to be grossly disproportionate, the court should engage in a more detailed *Solem* -type analysis. [As in *Solem,* 463 U.S. at 292, 103 S.Ct. at 3010,] [i]t may conduct an intra- and inter-jurisdictional analysis as a vehicle for comparison and as a source of objective standards; it must, however, remember that under principles of federalism, a state legislature may choose to impose a more severe penalty than other states consider appropriate. In order to be unconstitutional, a punishment must be more than very harsh; it must be *grossly* disproportionate. This standard will not be easily met.

> A reviewing court is also free to consider other relevant factors that may not have been specifically mentioned by *Solem.* For instance, the court may consider the ramifications of the offense upon society as a whole, as in *Harmelin.* Likewise, any evidence of an improper motive on the part of the sentencing judge deserves attention. In addition, the penological theory of the State may be relevant.

*Thomas,* 333 Md. at 95–96, 634 A.2d 1 (citations omitted; emphasis in original).

To determine whether a sentence is grossly disproportionate to the crime, the reviewing court must "consider the specific facts of the case, not only as to the crime but also as to the criminal." *Thomas,* 333 Md. at 96, 634 A.2d 1. The

Court of Appeals quoted with approval from this Court's opinion in *Walker v. State*, 53 Md.App. 171, 193, 452 A.2d 1234 (1982), where Judge Moylan explained how we should review a proportionality challenge:

> As to excessiveness (proportionality), that can never be litigated in the abstract but must be assessed on a case-by-case basis. That an extremely lengthy prison sentence might be disproportionately excessive for most common law assault convictions does not establish, as a bright-line formula, that it would be disproportionately excessive for all common law assault convictions. We measure proportionality not by comparing the sentence with the label of the crime (that the sentence be within legal limits is a legal problem, not a constitutional problem) but by comparing the sentence with the behavior of the criminal and the consequences of his act. As an abstract proposition, no term of years for common law assault is *per se* and universally unconstitutional.

*Thomas*, 333 Md. at 97, 634 A.2d 1.

In *Thomas*, the defendant had received a 20 year sentence for slapping his wife, and a 30 year sentence for striking her with a steam iron. The 20–year sentence was reversed. The Court observed that this sentence appeared to be grossly disproportionate to the crime because (1) the battery involved was "literally no more than a slap," that "did not result in any lasting physical injury," and, (2) the sentence "was not based on any legislative or judicial decision to impose severe penalties to deter domestic violence because of its societal impact." *Id.*, 333 Md. at 98, 634 A.2d 1. The Court then conducted an intra- and inter-jurisdictional analysis and concluded that the sentence was excessive when compared with sentences for similar and more serious crimes in Maryland and other jurisdictions. *Id.*, 333 Md. at 97–101, 634 A.2d 1.

The 30–year sentence was affirmed. In this assault the defendant hit his wife on her head and back with a steam iron, causing an "8 cm. laceration [on the head] down to the bone, and causing severe bleeding." The victim's injuries were so

serious that she was flown to the shock trauma unit of the University of Maryland Hospital. This attack occurred in the presence of the victim's minor child, at a time when the defendant was under a court order to stay away from the victim's home. *Id.,* 333 Md. at 102, 634 A.2d 1. The Court concluded that the sentence did not appear grossly disproportionate to the crime and that an intra- and inter-jurisdictional analysis was therefore not required.

In *Epps v. State,* 333 Md. 121, 634 A.2d 20 the Court of Appeals reversed a 20–year sentence for the battery of a prison guard, even though the defendant had previously received a 10 year sentence for assaulting another prison guard. The defendant threw a "clear liquid" at a guard walking past the defendant's cell, then challenged the guard to "go get your boys and come in here and get me." The liquid hit the guard's uniform and arm. *Id.,* 333 Md. at 127, 634 A.2d 20. The Court recognized that a sentencing judge has a legitimate interest in imposing a sentence that would deter similar attacks, but nevertheless held that the sentence was grossly disproportionate:

> The aggravating factors which are concededly present simply cannot justify a sentence of 20 years imprisonment for the act of projecting a small amount of water onto the person and clothing of [the guard]. There was no injury, nor was there evidence of apprehension of injury. The substance used was neither caustic nor noxious. The defendant did not commit an act which would have justified a conviction for any aggravated assault proscribed by the Maryland legislature. This simply was not an aggravated, brutal, heinous, or potentially dangerous assault.

*Id.,* 333 Md. at 128–129, 634 A.2d 20 (footnote omitted).

In applying *Thomas* and *Epps* to the case now before us, we recognize that

> [o]nly rarely should a reviewing court interfere in the sentencing decision at all, especially because the sentencing court is virtually always better informed of the particular circumstances. Thus, ... challenges based on proportional-

ity will be seriously entertained only where the punishment is truly egregious.

*Thomas,* 333 Md. at 97, 634 A.2d 1. We hold that the ten-year sentence imposed upon appellant is not grossly disproportionate to the crimes that he committed. We therefore need not proceed to engage in a detailed intra- and inter-jurisdictional analysis.

As we have mentioned, Judge Long merged the separate assault and battery convictions "for purposes of sentencing only." There can be no question that both offenses were serious. Appellant assaulted a hearing officer by lunging across the hearing room and attempting to kick her in the head. If that attempt had succeeded, it is likely that the victim would have suffered a serious head injury. Appellant added insult to near injury by spitting at the victim. We do not equate repulsive saliva with the clear liquid described in *Epps* as neither "caustic" nor "noxious." *Epps,* 333 Md. at 129, 634 A.2d 20.

Appellant's crimes occurred not merely within the confines of a prison, but at the conclusion of a prison disciplinary hearing. In *Epps,* 333 Md. at 128, 634 A.2d 20, the Court of Appeals recognized that

the State has a legitimate interest in maintaining strict discipline and effective security within [the prison] system. The factors of general and special deterrence, always appropriate sentencing considerations, are particularly important here. A trial judge in this situation should properly consider what sentence would effectively deter other prisoners from engaging in similar conduct (general deterrence), and what sentence would effectively persuade this defendant not to assault a correctional officer again (special deterrence).

Judge Long did just that. We are persuaded that, like the sentence that was upheld in *Thomas,* 333 Md. at 102, 634 A.2d 1, appellant's sentence "is not . . . one of those 'rare cases' of a cruel sentence that violates either the Eighth Amendment of the United States Constitution or Article 25 of the Maryland Declaration of Rights."

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**